UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __21mj03326 O'Sullivan__

UNITED STATES OF AMERICA

vs.

DANIEL VELEZ,

    **Defendant.**
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   __Yes _x_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __Yes _x_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __ Yes _x_ No

                Respectfully submitted,

                JUAN ANTONIO GONZALEZ
                ACTING UNITED STATES ATTORNEY

BY: _____
       STEPHEN J. DEMANOVICH
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 61120
       99 NE 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9208
       Fax (305) 530-7976
       Stephen.Demanovich@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| DANIEL VELEZ, | ) Case No. 21mj03326 O'Sullivan |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 1, 2021__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(b)(1)(C) | Possession with Intent to Distribute 3,4-methylenedioxymethamphetamine MDMA or "Ecstasy" |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Charles Marable, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime.

Date: 7/2/2021

_____
*Judge's signature*

City and state: Miami, Florida    Hon. John J. O'Sullivan, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

Your Affiant, Charles Marable, is a Special Agent with Homeland Security Investigations ("HSI"), who being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Immigration and Customs Enforcement. Homeland Security Investigations ("HSI"). I have been a Special Agent with HSI since June 2009 and am currently assigned to the Miami Office of Investigations. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. That is, I am an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses including those enumerated in Titles 8, 18, 19 and 21 of the United States Code.

2. As an HSI Special Agent, I have received specialized training in conducting narcotics investigations and I have studied the techniques smugglers use to bring narcotics into the United States. I am familiar with the investigation and enforcement of state and federal narcotics laws. I have conducted physical surveillance and electronic surveillance in many types of drug cases. In addition, I have arrested numerous individuals for various narcotic violations and have spoken with several narcotics dealers and confidential sources concerning the methods and practices of drug traffickers. Based upon this experience, I am well versed in the methodology used in narcotics trafficking operations, the specific language used in narcotics trafficking operations, and the unique trafficking patterns narcotics organizations employ. I am also familiar with known drug trafficking source and destination areas and methods of packaging illicit contraband.

3. This Affidavit is submitted in support of a criminal complaint charging that

on or about July 1, 2021 Daniel Velez ("VELEZ") did unlawfully possess with the intent to distribute Methylenedioxymethamphetamine or MDMA a Schedule I controlled substance, in violation of Title 21 United States Code, section 841(b)(1)(C).

4. The facts in this Affidavit come from my personal knowledge and observations, my training and experience, information obtained from other law enforcement officers, and my review of records, documents, and other evidence. This Affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

5. On or about June 8, 2021 a white, square shaped, soft envelope displaying USPS tracking number RT737466903NL arrived at the Miami International Airport mail addressed to "Henrique Henares" at 1555 NE 176th St, North Miami Beach, FL 33162 (the "RESIDENCE) with a return address "Richard Gonzalez, Zwanenstreal 27, 6611DO Arnhem, Netherlands ("TARGET PACKAGE"). Based on open source searches, law enforcement believes the named sender, "Richard Gonzalez," the addressee "Henrique Henares," and the return address of the TARGET PACKAGE are fictitious. In addition, CBP records show "Henrique Henares" as the addressee on 11 prior shipments of Ecstasy that CBP intercepted between October 2019 and June 2021, 5 of which were also addressed to the RESIDENCE.

6. United States Customs and Boarder Patrol ("CBP") agents conducted a routine boarder inspection of the contents of the TARGET PACKAGE based on an alert from canine units that detected the presence of suspected narcotics. CBP opened the TARGET PACKAGE and found approximately 466.7 grams of MDMA, which is a DEA schedule I controlled substance. Law enforcement took out the MDMA from the TARGET PACKAGE

and replaced it with sham narcotics in anticipation of performing a controlled delivery operation.

7. Based upon this information and additional facts, on June 25, 2021 Magistrate Judge Jacqueline Becerra authorized the installation of a GPS tracker and beacon in the TARGET PACKAGE [sealed tracker warrant **21-MJ-03252-BECCERA**] as well as an anticipatory search warrant for the RESIDENCE where the TARGET PACKAGE was addressed [sealed anticipatory warrant **21-MJ-03253**]. The anticipatory warrant was not executed at the RESIDENCE because the beacon did not alert and VELEZ transported the TARGET PACKAGE to another location as detailed below.

8. On July 1, 2021 HSI and the US Postal Inspection Service ("USPIS") conducted a controlled delivery of the TARGET PACKAGE to the RESIDENCE where VELEZ's sister accepted the TARGET PACKAGE and signed for it.

9. According to VELEZ, his sister called him to retrieve the package from the RESIDENCE. Law enforcement observed VELEZ arrive in a white Dodge Durango, enter the RESIDENCE, and leave a short time after.

10. After VELEZ departed the RESIDENCE, the GPS tracker inside the TARGET PACKAGE showed it moving along with VELEZ in the white Dodge Durango. HSI and a CBP air and marine unit tracked VELEZ and the TARGET PACKAGE to a warehouse located at 18692 Northeast 4th court. Miami, FL 33179 (the "WAREHOUSE").

11. Law enforcement observed VELEZ retrieve the TARGET PACKAGE from the white Dodge Durango and enter the WAREHOUSE with it. The GPS device in the TARGET PACKAGE also confirmed the location of the package at the WAREHOUSE.

12. Shortly thereafter, HSI conducted a knock-and-talk at the WAREHOUSE where

VELEZ answered and positively identified himself. Law enforcement conducted a consent search of the WAREHOUSE where they located the TARGET PACKAGE partially opened in a room VELEZ stated he used as a recording studio. VELEZ also admitted that the WAREHOUSE was used for his business. Law enforcement also located a ledger with what appears to be monetary amounts and location which are consistent with the sale or distribution of narcotics

13. In a post-*Miranda* statement, VELEZ admitted to opening the TARGET PACKAGE. In addition, law enforcement marked the TARGET PACKAGE with a substance that illuminates with exposure to a black light. Law enforcement exposed VELEZ's hands to a black light during the investigation and they illuminated positive for the substance on the TARGET PACKAGE. VELEZ also stated he believed the TARGET PACKAGE looked suspicious and he planned to take it to the police, but he failed to take the package to law enforcement at any time while in route from the RESIDENCE to the WAREHOUSE.

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

Charles Marable, Special Agent
HSI

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by  Face Time

Dated: July 2, 2021

THE HONORABLE JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE